## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LITRELL CHAPMAN,** | **Case No. 1:18-CV-775** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge Jonathan D. Greenberg** |
| **CHARMAINE BRACY, Warden** | |
| **Respondent** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg (Doc. No. 11), which recommends that Petitioner Litrell Chapman's Petition for Writ of Habeas Corpus (Doc. No. 1) be denied.  Petitioner has filed Objections to the R&R.  (Doc. No. 12.)  For the following reasons, Petitioner's Objections to the R&R are overruled. The R&R is adopted and the Petition is DENIED.

I.      **Background**

A.      **Factual Background**

The Court of Appeals for the Eighth District of Ohio (hereinafter, "state appellate court") summarized the facts underlying Chapman's state court conviction as follows:

> The events here began when Litrell Chapman, Alonzo Quinnie, and Willis McNeal twice attempted to steal money during the early morning hours of May 30, 1996. In connection with the first attempt, Chapman borrowed a Smith & Wesson .38 caliber snub-nosed revolver from Michael Lauderdale, which belonged to Clinton Robinson, and he, Quinnie, and McNeal stole a safe from Chapman's cousin. After meeting Robinson, Timothy Larkin, and Aisha Sparks at the home of Chapman's father, Chapman broke into the safe but found only pennies and some marijuana seeds; as a result of this failed attempt to obtain cash, Chapman suggested that he, Quinnie, and McNeal rob David White. At this point, Chapman then gave McNeal a sawed-off shotgun, and the three men drove to White's apartment where, after unscrewing the bulb in a light fixture above the front door, they kicked open the apartment and

kitchen doors, and, as White confronted Chapman in the kitchen, Chapman shot him in the upper left part of his chest near his heart at close range. Following a quick, but unsuccessful, search of the apartment for "big money," Chapman ran to his car and drove to his father's house, where he met Aisha Sparks and allegedly went to sleep for the night. McNeal and Quinnie then ran from White's apartment to McNeal's car and drove away.

White's girlfriend, Loretta Taylor, who had been hiding in the bedroom closet during the robbery, telephoned police and, upon their investigation, she identified someone other than Chapman as the man who searched her bedroom. The following week, Chapman attended White's funeral and bragged to Timothy Larkin about having committed his first murder; he also asked Aisha Sparks to provide him with an alibi. Cleveland police detectives, who continued this investigation, eventually arrested Chapman in November, 1996, based in part on information provided to them by Clinton Robinson and Timothy Larkin; the grand jury subsequently indicted Chapman for aggravated murder, aggravated burglary, and aggravated robbery. The court conducted a jury trial which resulted in guilty verdicts against Chapman on all three counts. The court then sentenced him to serve life imprisonment without parole eligibility for twenty years on the aggravated murder conviction, consecutive with concurrent terms of ten to twenty-five years on the aggravated burglary and aggravated robbery convictions.

*State v. Chapman*, No. 72532, 1998 WL 355863, at *1 (Ohio App. 8th Dist. July 2, 1998).

### B. Procedural History

#### 1. Initial State Court Proceedings

The Cuyahoga County Grand Jury indicted Chapman on the following charges: one count of aggravated murder (Count One); aggravated burglary (Count Two); aggravated robbery (Count Three); and having weapons under a disability (Count Four). (Doc. No. 6-1, Ex. 1.) Counts One through Three carried firearms specifications. (*Id.*) Chapman plead not guilty to all charges. (*Id.*) Count Four was subsequently bifurcated and nolled. (*Id.*)

Subsequently, the jury found Chapman guilty of Counts One through Three. (*Id.*) On April 11, 1997, the state trial court sentenced Chapman to life imprisonment with parole eligibility after twenty years, plus an additional three years for the firearms specification, and ten to twenty-five years

2

on each Counts Two and Three.  (*Id.*)  Chapman's sentences on Counts Two and Three were to be

served concurrently to each other, but consecutively to Count One.  (*Id.*)

Chapman, through counsel, appealed directly to the state appellate court.  In his appellate

brief, he raised the following assignments of error:

I.   Litrell Chapman was denied his right to effective assistance of counsel as
     guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and
     Fourteenth Amendments to the United States Constitution when counsel failed
     to object to the inclusion of a statement that had been ordered suppressed.

II.  Litrell Chapman's right to a fair trial guaranteed by the Due Process provisions
     of Article 1, Section 16 of the Ohio Constitution and the Fourteenth
     Amendment to the United States Constitution were violated by the misconduct
     of the prosecutor when evidence was presented in direct contention of the trial
     court's order not to include testimony regarding the details of the arrest.

III. The trial court committed prejudicial error when it permitted irrelevant
     evidence to be presented in direct contention of its order not to include
     testimony regarding the details of arrest and in violation of evid. Rules 401,
     402, and 403.

IV.  The verdicts finding Litrell Chapman guilty were against the manifest weight
     of the evidence because there was no substantial evidence upon which a trier
     of fact could reasonably conclude that the elements of the offenses had been
     proven beyond a reasonable doubt.

V.   In this case, the offenses of aggravated robbery and aggravated burglary are
     allied offenses of similar import within the contemplation of R.C. 2941.25, and
     the separate convictions violated appellant's constitutional rights against
     double jeopardy guaranteed by Article I, Section 10 of the Ohio Constitution
     and the Fifth and Fourteenth Amendments to the United States Constitution.

VI.  The trial court erred as a matter of law when it failed to sentence Litrell
     Chapman pursuant to Senate Bill 2.

VII. Litrell Chapman was denied his constitutional right to effective assistance of
     counsel when trial counsel failed to object to his sentence, which was illegal.

(Doc. No. 6-1, Ex. 5.)  The State filed a brief in response.  (Doc. No. 6-1, Ex. 6.)  On July 13, 1998,

the state appellate court affirmed Chapman's convictions, but remanded Chapman's case for

3

resentencing in accordance with Senate Bill 2.[1]  (Doc. No. 6-1, Ex. 7.)  On July 27, 1998, the state

trial court resentenced Chapman in the following journal entry:

> Pursuant to the mandate from the Court of Appeals, it is hereby ordered that the
> Defendant is resentenced to 10 years at Lorain Correctional Institution on Count 2 and
> 10 years on Count 3, concurrent with each other but consecutively with Count 1, credit
> for time served. . . .

(Doc. No. 6-1, Ex. 9.)

Next, Chapman, proceeding *pro se*, filed a Motion for Delayed Appeal with the Ohio Supreme

Court.  On October 20, 1999, the Ohio Supreme Court denied this motion and dismissed the matter.

(Doc. No. 6-1, Ex. 8.)

### 2.	First Federal Habeas Petition

Chapman filed his first of three federal habeas corpus petitions in the Northern District of

Ohio on September 29, 2000.  He asserted the following grounds for relief:

> **GROUND ONE**: Conviction obtained in violation of Petitioner's 6th & 14th
> Amendment right to effective assistance of counsel.
>
> **Supporting Facts**: Trial counsel rendered the ineffective assistance of
> counsel where he failed to object to the inclusion of a statement that had been
> ordered suppressed by trial court.
>
> **GROUND TWO**: Conviction obtained in violation of Due Process clause as
> a result of prosecutorial misconduct.
>
> **Supporting Facts**: Prosecutor adduced evidence of Petitioner's arrest in
> contravention of trial court's suppression order.
>
> **GROUND THREE:** Conviction obtained in violation of Due Process clause
> where evidence insufficient as a matter of law to convict.
>
> **Supporting Facts:** Conviction obtained as a result of trier of fact drawing
> inference on inference in violation of double inference rule in criminal cases.

---

[1] Ohio Senate Bill 2 was passed on July 1, 1996.  Chapman committed his crimes on May 30, 1996, but was tried and convicted after July 1, 1996.  (Doc. No. 6-1, Ex. 3.)

4

> **GROUND FOUR:** Conviction obtained in violation of Double Jeopardy clause of Fifth Amendment made obligatory on Ohio via 14th Amendment.
>
> **Supporting Facts:** Conviction for felony murder violations double jeopardy protection where underlying felonies used to obtain murder conviction.

(Doc. No. 6-1, Ex. 10.)  On November 30, 2000, the district court denied and dismissed Chapman's petition because Chapman had "yet to exhaust his state court remedies, as he currently has a postconviction motion pending[2] in the Ohio courts."  (Doc. No. 6-1, Ex. 11, PageID# 348.)

### 3. First Motion for a New Trial

On January 30, 2001, Chapman, proceeding *pro se*, filed a Motion for a New Trial in the state trial court.  (Doc. No. 6-1, Ex. 12.)  The state trial court denied his Motion on February 5, 2001.  (Doc. No. 6-1, Ex. 13.)  Despite the denial of Chapman's Motion, the State filed a brief in opposition to it on February 15, 2001.  (Doc. No. 6-1, Ex. 14.)  The state trial court again denied Chapman's Motion on March 8, 2001.  (Doc. No. 6-1, Ex. 15.)

On June 15, 2001, Chapman filed a Notice of Appeal with the state appellate court.  (Doc. No. 6-1, Ex. 16.)  Chapman filed his merits brief on November 13, 2001[3] and raised the following nine assignments of error:

> I.   Litrell Chapman right to fair trial guaranteed by the due process provision of Article One, Section Sixteen of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution were violated when the trial

---

[2] In his first habeas petition, Chapman states that he filed a "post-conviction petition" with the Cuyahoga County Court of Common Pleas and that the motion was "still pending" at the time he filed his petition.  (Doc. No. 6-1, Ex. 10, PageID# 336-37.)  However, the record does not contain any such post-conviction petition dated after the Ohio Supreme Court's October 20, 1999 denial of Chapman's motion for delayed appeal but prior to Chapman's September 29, 2000 habeas petition.

[3] Chapman's June 15, 2001 Notice of Appeal was dismissed *sua sponte* for Chapman's failure to file the record.  (Doc. No. 6-2, Ex. 31, PageID# 571.)  Chapman filed a motion to reconsider, claiming that he had not received notice of the trial court's order dismissing his new trial motion.  (*Id.*)  The state appellate court granted his motion for reconsideration and reinstated the appeal, which accounts for the delay between his Notice of Appeal and his merits brief.  (*Id.* at PageID# 572.)

5

court failed to give the defendant a competency test when the defendant competency was in question.

II.    Litrell Chapman right to a fair trail guaranteed by the Do  Process provision of Article One, Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment to the United States Constitution were violated when the trial court failed to suppress a written statement that resulted from the defendant being denied a telephone to consult counsel.

III.    Litrell Chapman right to a fair trial guaranteed by the Do Process provision of Article One Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment to the United States Constitution were violated when a state witness testified to a statement that was ordered suppressed.

IV.    Litrell Chapman right to a fair trial guaranteed by the Do Process provision of Article One, Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment to the United States Constitution violated when the trial court allowed the prosecutor to use evidence that was highly prejudice and had no relavance.

V.    Litrell Chapman right to a fair trial guarateed by the Due Process Provision of Article One Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment of the United States Constitution were violated when the trial court allowed the prosecution to use evidence that came from a violation of the defendant fourth amendment right.

VI.    Litrell Chapman right to a fair trial guaranteed by the due process provision of Article One Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment of the United States Constitution violated when the prosecutor learned after trial both state star witnesses committed perjury, which made the verdict unreliable.

VII.    Litrell Chapman right to a fair trial guaranteed by the Due Process provision of Article One Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment of the United States Constitution were violated when the trial court allowed a witness to testify who stated he was threaten and coerced by detectives without making inquiry into it.

VIII.    Litrell Chapman right to a fair trial guaranteed by the Due Process Provision of Article One Section Sixteen of the Ohio Constitution and the Fourthteenth Amendment of the United States Constitution were violated by the misstatement of facts concerning a gun not in evidence, made by the prosecutor.

6

IX.   Litrell Chapman was denied his right to effective assistance of counsel as guaranteed by the Article One Section Ten of the Ohio Constitution and the Sixth Amendment of the United States Constitution were violated when counsel fail below standards.

(Doc. No. 6-1, Ex. 17 (reproduced as in original).)  The State filed a brief in response on February 25, 2002.  (Doc. No. 6-1, Ex. 18.)

On March 14, 2002, the state appellate court dismissed Chapman's appeal as untimely.  (Doc. No. 6-1, Ex. 19.)  Chapman filed a Motion for Reconsideration with the state appellate court on March 25, 2002.  (Doc. No. 6-1, Ex. 20.)  Chapman also filed a Motion for Leave to File a Delayed Appeal with the state appellate court on March 28, 2002.  (Doc. No. 6-1, Ex. 21.)  The state appellate court denied both motions on May 21, 2002.  (Doc. No. 6-1, Exs. 22, 23.)

Thereafter, Chapman filed a Motion for Delayed Appeal with the Ohio Supreme Court.[4]  The Ohio Supreme Court denied Chapman's motion and dismissed the matter on September 4, 2002. (Doc. No. 6-1, Ex. 24.)

### 4.   Post-Conviction Petition

On May 7, 2001, Chapman filed a *pro se* filing captioned "Motion to Amend Post Conviction Petition" with the state trial court.  (Doc. No. 6-1, Ex. 25.)  In his Statement of Facts, Chapman stated that he was only linked to the robbery and murder at Mr. White's residence based on the testimony of two witnesses who subsequently changed their stories to place Chapman at the crime scene after they were threatened.  (*Id.* at PageID# 443.)  Chapman also stated that another witness subsequently testified at Chapman's co-defendant's trial that he did not see the faces of three individuals standing

---

[4] This motion is missing from the record.

7

outside of Mr. White's residence immediately prior to the robbery because all three individuals' hoods were over their faces. (*Id.*)

In response, the State filed a Motion to Dismiss on May 17, 2001. (Doc. No. 6-1, Ex. 26.) On June 26, 2001, the state trial court granted the State's Motion and dismissed Chapman's Motion to Amend. (Doc. No. 6-2, Ex. 27.)

On January 22, 2002, Chapman filed a Notice of Appeal with the state appellate court. (Doc. No. 6-2, Ex. 28.) The state appellate court dismissed, *sua sponte*, Chapman's appeal as untimely pursuant to Ohio App. R. 4(A). (Doc. No. 6-2, Ex. 29.)

### 5. Second Federal Habeas Petition

On September 15, 2003, Chapman filed a second habeas corpus petition in the Northern District of Ohio. This time, he asserted the following fifteen grounds for relief:

> **GROUND ONE:** Conviction obtained in violation of Petitioner's 6th and 14th Amendment right to effective assistance of counsel.
>
> **Supporting facts:** Counsel fail to object to the inclusion of a statement that had been ordered suppress.
>
> **GROUND TWO:** Conviction obtained in violation of Due Process Cluas as a result of prosecutor misconduct.
>
> **Supporting facts:** Prosecutod aduced evidence of petitioner arrest in contravention of trail court's suppression order.
>
> **GROUND THREE:** Conviction obtained in violation of Due Process Clause as a result the [unintellgible] trial court committed prejudiciual Error.
>
> **Supporting facts:** Trial court committed prejudicial errer when it permitted irrelalivent evidence to be presented in direct contention of it's order. Not to include testimony regarding the details of arrest and in violation of Evid. Rule 401, 402 & 403.

8

**GROUND FOUR:** Conviction obtained in violation of the Due Process Clause as a result the evidence finding petitioner guilty is against manifest weight.

**Supporting facts:** The evidence finding petitioner guilt is not supported by sufficient evidence which a trier of facts could reasonable conclude that the elements of the offense had been proven beyond a reasonable doubt.

**GROUND FIVE:** Conviction obtained in violation of the due process clause double jeopardy.

**Supporting facts:** Aggravated robbery and aggravated burglary are allied offenses of similar import within the contemplation of R.C. 2941.25 and the separate convictions violated petitioner's constitutional right against double jeopardy.

**GROUND SIX:** Denial of the right to appeal a violation of the due process clause 14th Amendment.

**Supporting facts:** Trial court failed to give notice (timely) of appealable order.

**GROUND SEVEN:** Conviction obtained in vilation of the due process clause when the trial court failed to give defendant a competency test.

**Supporting facts:** Detective testified petitioner was threating suicide and showed irrational behavior trial court failed to inquiry in to petitioner mental state of mind.

**GROUND EIGHT:** Conviction obtained in violation of the 6th & 14th Amendment right to counsel and a telephone call to consult counsel.

**Supporting facts:** Petitioner stated several times he didn't want to make a statement and stated to officers he wanted counse petitioner was denied counsel and a telephone call to consult with counsel.

**GROUND NINE:** Conviction obtained in violation of the due prolcss clause when a witness testified to a statement that was ordered suppress.

**Supporting facts:** The trial court ordered an oral statement suppress a detective got on the stand and testified to this statement this was plain error.

**GROUND TEN:** Conviction obtained in violation of the due process claule when the trial court allowed the prosecutor to use eviden that was highly prejudice and had no relavance.

**Supporting facts:** The trial court allowed the prosecution to use evidence where prosecution clerarly stated no evidence is being gained "I think jury should hear this.

**GROUND ELEVEN:** Conviction obtained in violation of the 4th and 14th Amendment right when prosecution used evidence that came from illegall search and siezer of defendant.

**Supporting facts:** The petitioner was a passenger in a car two officer's stated they saw petitioner do nothing wrong but still pat and arrest petitioner without probable clause.

**GROUND TWELVE:** Conviction obtained in violation of the due process clause when the prosecution learned after trial both star witnesses comitted perjury.

**Supporting facts:** Both Clinton Robinson and Timothy Larkin testified falsely and the prosecution knew or should have know in defendant trial they stated the saw defendant and co defendant's enter the White's apartment in co d's trial they stated they only saw people standing outside.

**GROUND THIRTEEN:** Conviction obtained in violation of the due process clause when the trial court allowed a witness to testify who stated he was coerced and threaten by detectives and prosecutor without making inquiry into it.

**Supporting facts:** Co Defendant Willis McNeil stated in open court the detectives type a statement and forced him to sign it with threats of being sent to the electric chair and the prosecutor threaten him by stating he would have to go to trial if he didn't keep his end of there deal, this was plain error.

**GROUND FOURTEEN:** Conviction obtained in violation of the due process clause when the prosecution made misstatement about gun not in evidence.

**Supporting facts:** Only one person saw guns in crime Clinton Robinson stated .38 had brown handle and shot gun had no handle. Victim's wife stated she saw person with gun with brown handle and it was not petitioner but prosecution said it was petitioner.

**GROUND FIFTEEN:** Conviction obtained in violation petitioner 6th and 14th Amendment right to effective assistance of appeal counsel.

**Supporting facts:** Error one threw fourteen support this. Counsel was ineffective when he failed to request a competency test for defendant. Counsel alsao fail to prepare for supress hearing concerning petitioner statement. Counsel also fail to prepare for suppression hearing concerning struggle with police. Counsel also fail to bring up the misstatement abouty gun not in evidence. Counsel fail to bring up both star witnees for the state Comitted perjury. Appeal counsel failed to research petitioner case and guarantee an effective appeal.

(Doc. No. 6-2, Ex. 30 (reproduced as in original).)  On May 5, 2004, Magistrate Judge George J. Limbert issued a Report and Recommendation that Chapman's petition be dismissed as time-barred. (Doc. No. 6-2, Ex. 31.)  On July 30, 2004, Judge Paul Matia adopted the Report and Recommendation and dismissed Chapman's petition.  (Doc. No. 6-2, Exs. 32, 33.)

On August 30, 2004, Chapman made two *pro se* filings with the district court.  First, he filed a Notice of Appeal.  (Doc. No. 6-2, Ex. 34.)  Second, he filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).  (Doc. No. 6-2, Ex. 35.)  Judge Matia denied Chapman's Motion on September 7, 2004.  (Doc. No. 6-2, Ex. 36.)  On September 19, 2005, the Sixth Circuit affirmed Judge Matia's decision, holding Chapman's habeas petition was time-barred.  (Doc. No. 6-2, Ex. 37.)

### 6.     Second Motion for New Trial

On December 8, 2006, Chapman filed a *pro se* motion captioned "Request for Leave to File Delayed Motion for New Trial" with the state trial court.  (Doc. No. 6-2, Ex. 38.)  In his motion, Chapman stated he obtained several pieces of new evidence that justified granting him a new trial, including evidence that both co-defendants committed perjury while testifying during Chapman's trial, that Chapman was denied access to an attorney during police interrogation, and that other witnesses were coerced into giving false testimony at Chapman's trial.  (*Id.* at PageID# 623-24.)  The

11

state filed a brief in opposition.  (Doc. No. 6-2, Ex. 39.)  On January 12, 2007, the state trial court denied Chapman's motion.  (Doc. No. 6-2, Ex. 40.)

Chapman filed a Notice of Appeal with the state appellate court on February 9, 2007.  (Doc. No. 6-2, Ex. 41.)  On March 23, 2007, the state appellate court dismissed, *sua sponte*, Chapman's appeal, finding that the state trial court's judgment was not a final, appealable order under Ohio Rev. C. § 2505.02.  (Doc. No. 6-2, Ex. 42.)  Thereafter, on June 25, 2007, Chapman filed a "Request for a Final Order that Coincide with Crim. R. 32 B" with the state trial court.  (Doc. No. 6-2, Ex. 43 (reproduced as in original).)  The state trial court denied Chapman's request on June 29, 2007.  (Doc. No. 6-2, Ex. 44.)

On August 2, 2007, Chapman filed a Notice of Appeal of the state trial court's denial of a final order.  (Doc. No. 6-2, Ex. 45.)  The state appellate court dismissed Chapman's appeal for failure to file a praecipe on August 24, 2007.  (Doc. No. 6-2, Ex. 46.)  On August 30, 2007, Chapman filed a Motion for Reconsideration of this dismissal, but the state appellate court denied the motion on September 5, 2007.  (Doc. No. 6-2, Exs. 47, 48.)

Chapman then attempted to appeal this dismissal to the Ohio Supreme Court.  On September 28, 2007, he filed a Notice of Appeal with the Ohio Supreme Court in which he raised two propositions of law:

> I.  The appellant wa denied his constitutional right under the Ohio Constitution Article IV Section 16 3(B)(2). When the tial court fail to give him notice his notice of appeal was accepted, and was in active status. The Ohio constitution is made applicable to the United States Constitution threw the 14th Amendment, (due process and equal protection).
>
> II.  Were the trial court abused its descrection when it dismissed the appellant request for leave to file a delayed motion for new trial based on newly discovered evidence. Were defendant-appellant presented sufficient evidence sowing he was unavoidably prevented from the early discover.  Atricl 1

Section 16 of the Ohio of Constitution and the 14th Amendment to the US
constitution.

(Doc. No. 6-2, Exs. 49, 50 (reproduced as in original).)  On January 23, 2008, the Ohio

Supreme Court declined jurisdiction of Chapman's appeal.  (Doc. No. 6-2, Ex. 51.)

### 7. Additional Motions

Between 2009 and 2015, Chapman filed several more unsuccessful motions.  On January 20,

2009, Chapman filed a motion with the Sixth Circuit, seeking to file a successive habeas petition.

(Doc. No. 6-2, Ex. 52.)  He argued that his convictions were a miscarriage of justice because new

evidence demonstrated that he was actually innocent of the underlying crimes.  (*Id.*)  Warden Bracy

filed a brief in opposition.  (Doc. No. 6-2, Ex. 53.)  On July 21, 2009, the Sixth Circuit denied

Chapman's request to file a successive habeas petition.  (Doc. No. 6-2, Ex. 54.)

On February 11, 2011, Chapman filed a *pro se* "Notice for Order on Newly Discovered

Evidence" with the state trial court.  (Doc. No. 6-2, Ex. 55.)  The state trial court construed it as a

Motion for a New Trial Based on Newly Discovered Evidence and denied Chapman's motion on

February 24, 2011.  (Doc. No. 6-2, Ex. 57.)  Chapman filed a Notice of Appeal with the state appellate

court.  (Doc. No. 6-2, Ex. 58.)  The state appellate court dismissed Chapman's appeal on September

15, 2011, finding that the trial court's order was not a final, appealable order.  (Doc. No. 6-2, Ex. 62.)

On November 12, 2014, Chapman filed a *pro se* Motion for Revised Sentencing with the state

trial court.  (Doc. No. 6-2, Ex. 63.)  The state trial court denied this motion on December 16, 2014.

(Doc. No. 6-2, Ex. 65.)

On January 14, 2015, Chapman filed a *pro se* pleading captioned "Motion to Correct

Sentences That is Contrary to Law and To Enforce the Appeal Court Remand" with the state trial

court.  (Doc. No. 6-2, Ex. 66.)  On March 2, 2015, the state trial court denied Chapman's motion as

13

moot.  (Doc. No. 6-2, Ex. 68.)  The state trial court referred to its previous July 28, 1998 journal entry, in which it complied with the state appellate court's remand order to resentence Chapman according to Senate Bill 2.  (*Id.*)

### 8. Motion for Resentencing

On March 18, 2016, Chapman, proceeding *pro se*, filed a pleading captioned "Motion for Resentencing to Correct a Sentence Unauthorized by Law."  (Doc. No. 6-2, Ex. 69.)  Chapman argued—contrary to his argument in his 1998 direct appeal—that he should have been "sentenced under the Pre-Senate Bill 2 sentencing scheme."  (*Id.* at PageID# 884.)  The state trial court denied this motion on March 24, 2016.  (Doc. No. 6-2, Ex. 70.)

On April 25, 2016, Chapman filed a Notice of Appeal with the state appellate court.  (Doc. No. 6-2, Ex. 71.)  He raised a single assignment of error:

> I. The defendant-appellant Litrell Chapman was denied due process of law and equal protection guaranteed by the 14th Amendment to the United States Constitution. The defendant-appellant was also denied due course of law and to have justice administered without denial or delay guaranteed by Article I, Section 16 of the Ohio Constitution. When the trial court erred in denying the appellant motion to correct sentence unauthorized by law.

(Doc. No. 6-2, Ex. 72 (reproduced as in original).)  On July 25, 2016, the State filed a brief in response.  (Doc. No. 6-2, Ex. 73.)  The State agreed that Chapman should have been sentenced under the pre-Senate Bill 2 scheme to indefinite sentences, but disagreed that a de novo resentencing was necessary.  (*Id.*)  On August 4, 2016, Chapman filed a Reply.  (Doc. No. 6-2, Ex. 74.)  Chapman argued that he should not be sentenced to indefinite sentences on Counts Two and Three but should have a de novo resentencing.  (Doc. No. 6-2, Ex. 74.)

On September 12, 2016, after Chapman filed his Reply but before the state appellate court had ruled on his appeal, Chapman filed a "Motion for Leave to Dismiss the Appellant Appeal For

14

Lack of Subject Matter Jurisdiction." (Doc. No. 7-1, PageID# 990.) The state appellate court denied this motion on November 1, 2016. (*Id.* at PageID# 995.)

On December 15, 2016, the state appellate court ruled on Chapman's appeal. (Doc. No. 6-2, Ex. 75.) The court affirmed in part and reversed in part the state trial court's denial of Chapman's Motion for Resentencing. (*Id.*) The state appellate court noted that, on Chapman's initial direct appeal ("*Chapman I*"), it remanded Chapman's case for resentencing on Counts Two and Three in accordance with Senate Bill 2. (*Id.* at PageID# 920.) However, subsequent to the state appellate court's decision in *Chapman I*, the Ohio Supreme Court decided *State v. Rush*, which held that Senate Bill 2's sentencing provisions applied only to crimes committed on or after July 1, 1996. (*Id.* at PageID# 921.) Chapman committed his crimes on May 30, 1996. (*Id.*) Therefore, the state appellate court held that Chapman should have been sentenced under the pre-Senate Bill 2 sentencing scheme. (*Id.* at PageID# 922.)

However, the state appellate court also held that Chapman's sentence was not void and therefore, he was not entitled to a de novo resentencing. (*Id.*) Rather, as provided under Ohio Rev. C. § 5145.01, "if a determinate sentence is imposed instead of a statutorily required indeterminate sentence, the determinate sentence is treated as an indeterminate one" and the sentence does not thereby become void. (*Id.*) Therefore, though the trial court erred by resentencing Chapman to definite terms on Counts Two and Three in 1998, "the sentences on those counts may be deemed to be indeterminate sentences, as required by R.C. 2929.11(B)(1)(a), with the ten-year term as the minimum indefinite term and 25 years as the maximum indefinite term." (*Id.* at PageID# 923.) Accordingly, the state appellate court reversed and remanded the trial court's judgment only to the extent that the trial court correct its sentencing entry to reflect that Counts Two and Three are

15

indeterminate sentences of a minimum of ten years and a maximum of twenty-five years.  (*Id.* at PageID# 924.)

On December 27, 2016, Chapman filed two motions with the state appellate court: a Motion for Reconsideration and En Banc Rehearing and a Motion to Certify a Conflict Under App. R. 25(A). (Doc. No. 6-2, Exs. 76, 77.)  The state appellate court denied these motions on June 15, 2017.  (Doc. No. 6-2, Exs. 78, 79.)

After Chapman filed his motions with the state appellate court, he filed a Notice of Appeal with the Ohio Supreme Court on January 26, 2017.  (Doc. No. 6-2, Ex. 80.)  Chapman raised the following propositions of law:

    I.    Did the appeals court incorrectly correct the appellant sentence under 5145.01 when the sentence was actually a legal sentence at resentencing.

    II.    Was the appeals court in error when it fail to dismiss the appellant appeal for a lack of subject matter jurisdiction?

    III.    Was the trial court in error when it fail to give the appellant a final order in violation of Crim. R. 32(C) and St. v. Baker 893 N.E.2d 163.

(Doc. No. 6-2, Ex. 81 (reproduced as in original).)  On May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction of Chapman's appeal.  (Doc. No. 6-2, Ex. 82.)

On July 12, 2017, the state trial court, pursuant to the state appellate court's December 15, 2016 remand order, corrected its July 27, 1998 sentencing entry to reflect that Chapman's sentence on Count Two is ten to twenty-five years and his sentence on Count Three is ten to twenty-five years, running concurrently with each other, but consecutively with Count One.  (Doc. No. 6-2, Ex. 83.)

**9.**    **Third Federal Habeas Petition**

On March 31, 2018, Chapman filed the instant Petition for Writ of Habeas Corpus.  (Doc. No. 1.)  He asserts four grounds for relief:

16

**GROUND ONE**: The petitioner was denied due process and equal protection when the state court fail to apply state law, illegaly correcting his sentence.

**Supporting Facts**: The petitioner was resentence on a remand from the appeals court. At the time the petitioner was resentence the sentence was legal. The Ohio Supreme Court later determine the sentence was illegal, but even erroneous judgements are binding on the state under res judicata and the petitioner should have been re-sentence and the sentence should not have been corrected as an oversight or otherwise R.C. 5145.01 was applied to the resentencing.

**GROUND TWO**: The petitioner was denied due process and equal protection of law when the appeals court fail to dismiss his appeal lack of jurisdiction.

**Supporting Facts**: The petitioner was sentence to 10 years under Senate Bill 2. The Eighth District Court of Appeals determine a sentence that did not have the mandatory period of post release control was non finale and not appealable.

**GROUND THREE**: The petitioner was denied due process and equal protection when the court fail to give the petitioner a final order.

**Supporting Facts**: The petitioner has to use two journal entries to reflect his sentence in violation of clearly estabish law.

**GROUND FOUR**: The trial court committed Plain error when it fail to give the petitioner a final appealable order.

**Supporting Facts**: The petitioner filed several post trial moptions attempting to get the court to give him a final order so he could pursue his appeal and to start his sentence. The trial court and the court of appeals fail to give the petitioner a final order.

(Doc. No. 1 (reproduced as in original).)

Warden Bracy ("Respondent") filed a Return of Writ on October 1, 2018.  (Doc. No. 6.)

Chapman filed a Traverse on November 21, 2018.  (Doc. No. 9.)  Respondent replied on December

11, 2018.  (Doc. No. 10.)

17

On June 25, 2019, the Magistrate Judge issued an R&R recommending that the Petition be denied. (Doc. No. 11.)  The Magistrate Judge concluded that all four of Chapman's grounds for relief were procedurally defaulted.  (Doc. No. 11, PageID# 1051, 1054.)  The Magistrate Judge concluded that Chapman procedurally defaulted Grounds One through Three when he failed to present these claims as violations of federal law during his state court proceedings.  (*Id.* at PageID# 1054.)  The Magistrate Judge concluded that Chapman procedurally defaulted Ground Four when he failed to present this argument to the state courts before bringing it in his Petition.  (*Id.*)  Further, the Magistrate Judge determined that Chapman could not demonstrate cause and prejudice to overcome the default, nor could he demonstrate actual innocence.  (*Id.* at PageID# 1055-56.)  Additionally, the Magistrate Judge also concluded that none of Chapman's grounds for relief are cognizable on habeas review because all four are based solely on errors of state law, rather than federal law.  (*Id.* at PageID# 1056.)

Chapman timely filed Objections to the R&R on July 9, 2019.[5]  (Doc. No. 12.)

## II.     Standard of Review

Parties must file any objections to a report & recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2).  Failure to object within this time waives a party's right to appeal the district court's judgment.  *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's report and recommendation, the district court reviews those objections *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

---

[5] Under the prison-mailbox rule, a prisoner's *pro se* filing, including objections, is "deemed timely filed if it is delivered to the proper prison authorities for forwarding to the district court . . . ."  *Walker v. City of Lakewood*, 35 F.3d 567, 1994 WL 462137, at *1-2 (6th Cir. 1994) (extending *Houston v. Lack*'s "mailbox rule" to objections to magistrate reports) (unpublished table decision).  While Chapman's Objections did not arrive at the Court for filing until July 15, 2019, he states that he served his objections on July 9, 2019.  (Doc. No. 12, PageID# 1071.)  Thus, the Court considers Chapman's Objections timely filed on July 9, 2019.

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04-cv-7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (citing *Walters*, 638 F.2d at 949-50).

The Court conducts a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

## III.     Analysis

### A.     Procedural Default

Notably, Chapman does not object to the Magistrate Judge's finding that all four of his grounds for relief are barred by procedural default. (Doc. No. 12.) Indeed, in his Objections, Chapman concedes that his claims are defaulted when he argues that he can "show[ ] cause for any default" based on his previous petitions. (*Id.* at PageID# 1064.) Therefore, finding no clear error, the Court adopts the Magistrate Judge's finding that all four of Chapman's grounds for relief are procedurally defaulted.

#### 1.     Cause and Prejudice for Chapman's Procedural Default

The Magistrate Judge concluded that Chapman cannot show cause to overcome the procedural default of Grounds One through Four. (Doc. No. 11, PageID# 1055.) Chapman objects.

In his Objections, Chapman argues that his "previous petitions" establish cause for his default. (Doc. No. 12, PageID# 1064.)  Chapman argues that the prosecution committed a *Brady*[6] violation, which caused him to procedurally default his claims.  (*Id.*)  According to Chapman, the prosecution suppressed "new material exculpatory reliable evidence" that demonstrated "a star witness in a co-Defendant's trail relinquishing the Petitioner of all wrong doings pertaining to the Aggravated Burglary."  (*Id.* at PageID# 1067 (reproduced as in original).)  Chapman argues that his conviction was predicated on two witnesses' testimony that Chapman and two co-defendants entered the victim's apartment by force, as well as one witness's testimony that Chapman told the witness that Chapman "was celebrating his first murder while grieving the decease death . . . ."  (*Id.* at PageID# 1069 (reproduced as in original).)  Chapman claims that his "new evidence" is these same witnesses' subsequent testimony from his co-defendants' trials, in which they testified that they merely saw individuals standing outside of the apartment and not forcing entry into the apartment.  (*Id.*)  According to Chapman, this "creates a reasonable doubt that did not other wise exist. Which it relinquish the Petitioner of all guilt pertaining to the Agg. Burglary."  (*Id.* (reproduced as in original))  Chapman concludes by claiming that the "new reliable evidence show the two witness later testified under oath in another proceeding they never saw anyone enter the decease apartment by force but only people standing outside."  (*Id.* at PageID# 1070 (reproduced as in original).)

Where a petitioner has procedurally defaulted claims, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

---

[6] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Demonstrating cause requires showing that an "objective factor external to the defense impeded counsel's efforts to comply" with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See also Gerth v. Warden, Allen Oakwood Corr. Inst.,* 938 F.3d 821, 830 (6th Cir. 2019). "Prejudice, for purposes of procedural default analysis, requires a showing that the default of the claim not merely created a possibility of prejudice to the defendant, but that it worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002) (citing *United States v. Frady,* 456 U.S. 152, 170-71 (1982)). *See also Beuke v. Houk*, 537 F.3d 618, 634 (6th Cir. 2008).

Chapman's objection to the Magistrate Judge's finding on cause is overruled. As an initial matter, Chapman did not raise any such *Brady* claim as cause to excuse his procedural default in his briefing regarding the instant Petition. (*See* Docs. No. 1, 9; *see also* Doc. No. 6-2, Exs. 69, 71, 80.) A habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge. *See, e.g., Crockett v. Sloan*, No. 1:16-cv-00550, 2017 WL 1050364 at *3 (N.D. Ohio Mar. 20, 2017) ("Petitioner cannot raise new claims or arguments in an objection when those claims or arguments were never presented to the magistrate judge."). *See also Roark v. Meko,* No. 12-73-KSF, 2013 WL 3107654 at *3 (E.D. Ky. June 17, 2013). Accordingly, the Court will not consider Chapman's argument relating to his new *Brady* claim as cause to excuse his procedural default in the context of his Objections, as it was not properly asserted before the Magistrate Judge.[7] Moreover, even if the Court were to consider Chapman's argument, it is unclear how the alleged

---

[7] To the extent Chapman now asserts this *Brady* claim as a separate ground for relief, he did not include such a claim in his state proceedings nor his Petition. (*See* Docs. No. 1, 9; *see also* Doc. No. 6-2, Exs. 69, 71, 80.) Accordingly, the Court will not consider any such separate *Brady* claim now. *Crockett*, 2017 WL 1050364 at *3. *See also Connin v. Miller*, No. 3:13-cv-1580, 2014 WL 29125, *5 (N.D. Ohio Jan. 3, 2014).

*Brady* violations prevented him from properly presenting the claims in his Petition to the state courts. Because Chapman's Objection to the Magistrate Judge's conclusion on cause and prejudice is based solely on Chapman's *Brady* allegation, the Court finds that Chapman has failed to establish cause to excuse his default.[8]

### 2. Actual Innocence

The Magistrate Judge also concluded that Chapman could not show actual innocence to excuse the procedural default of all four of his claims because Chapman did not provide any argument regarding the actual innocence exception, nor provide any new evidence to support a claim of actual innocence.  (Doc. No. 11 at PageID# 1056.)  Chapman objects to this conclusion.  (Doc. No. 12 at PageID# 1067-70.)  Chapman now argues that his "new evidence" (i.e., the witnesses' different testimony in his co-defendants' trials) establishes that he is actually innocent.  (*Id.* at PageID# 1064.)

As discussed *supra*, Chapman may not assert new arguments in the context of his Objections that he failed to properly assert before the Magistrate Judge.  *See, e.g., Crockett*, 2017 WL 1050364 at *3.  Chapman did not assert that he had new evidence or that he could satisfy the actual innocence standard in his Petition or Traverse.  Accordingly, Chapman may not assert such arguments in his Objections now.  *Id.*

Chapman does not object to the Magistrate Judge's conclusion that Chapman procedurally defaulted all four of his claims.  Further, Chapman has failed to establish cause and prejudice or actual innocence to excuse his procedural default.  Accordingly, the Court overrules Chapman's Objections

---

[8] In the absence of cause, the Court need not reach the issue of prejudice.  *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).  *See also Sandridge v. Buchanan*, No. 1:16-CV-2299, 2017 WL 2255378, at *11 (N.D. Ohio Apr. 27, 2017).

with respect to cause and prejudice and actual innocence and adopts the Magistrate Judge's conclusion that Chapman's claims are procedurally defaulted.

### B.     Cognizability

At the outset, the Court notes that Chapman procedurally defaulted all of his claims and can demonstrate neither cause for default nor actual innocence. Chapman's procedural default alone is sufficient to merit denial of his claims. However, both the Magistrate Judge and Chapman address cognizability and so the Court will briefly discuss the issue.

The Magistrate Judge concludes that, in addition to Chapman's claims being procedurally defaulted, none of Chapman's claims are cognizable on habeas review because all four seek relief based solely on errors of state law. (Doc. No. 11, PageID# 1056.) A federal habeas court may not second-guess a state court's decision regarding matters of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). The Magistrate Judge concludes that Chapman's first ground for relief, that the state appellate court illegally corrected his sentence, is based entirely on Ohio sentencing law and is therefore not cognizable. (Doc. No. 11, PageID# 1057.) Similarly, Chapman's second, third, and fourth grounds for relief are all predicated on his argument that the state appellate court lacked jurisdiction over his appeal because his journal entry does not comply with Ohio Rules of Criminal Procedure. (*Id.* at PageID# 1058.) The Magistrate Judge concluded these claims are similarly noncognizable because the "question of whether the state trial court properly complied with the Ohio Rules of Criminal Procedure and the Ohio Revised Code when issuing its journal entry is purely a question of state law." (*Id.*)

23

Chapman raises a general objection to the Magistrate Judge's finding that none of Chapman's claims are cognizable on habeas review.  (Doc. No. 12, PageID# 1060-64.)  The extent of Chapman's "objection" to the cognizability finding is thus:

> The magistrate first make the claim the petitioner claims are not cognizable in the habeas corpus proceeding : The United States Supreme Court has stated they are, "a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, unless the sentencing decision exceeds the statutory limits or is wholly unauthorized by law. See Bozza v. United States, 330 U.S. 160,@166, 67 S.Ct. 645,(1947). Laboy v. Carroll, 437 F.Supp.2d 260. Where a court is without authority to pass a particular sentence, such sentence is void and the defendant imprisoned under it is entitled to habeas corpus. See Hans Nielsen, 131 U.S. 176, @182, 9 S.Ct. 672 (1889).

(Doc. No. 12, PageID# 1060-61 (reproduced as in original).)  He then argues that his sentence is "wholly unauthorized by law" because he was "resentence to a sentence under senate bill 2 for a crime he committed prior to the enactment of senate Bill 2."  (*Id.* at PageID# 1061 (reproduced as in original).)  Next, Chapman reasserts the same arguments from his Petition and Traverse, namely that the trial court failed to provide the Petitioner with a final appealable order because his entire conviction is not set forth in a single journal entry and that he has been denied his right to appeal his conviction because his sentence is not a final appealable order.  (*Id.* at PageID# 1061-63.)  Finally, Chapman includes two new arguments: first, because the amended journal entry does not explicitly state a sentence for count one, he has "finish the sentence and should be release since the sentence is complete according to the journal entry," and second, that he is being denied his constitutional right to seek habeas relief because he does not have a final appealable order.  (*Id.* at PageID# 1062-63 (reproduced as in original).)  Chapman does not address any of the Magistrate Judge's specific cognizability arguments.

24

The Court has reviewed the Magistrate Judge's findings on the issue of the cognizability of each of Chapman's claims and finds no clear error. *See, e.g., Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998) ("A claim based *solely* on an error of state law is not redressable through the federal habeas process."); *West v. Bradshaw*, 1:15-cv-00203, 2017 WL 2464994, at *13 (N.D. Ohio June 7, 2017) (holding that the petitioner's challenge to the state court's application of Ohio Rules of Criminal procedure was not cognizable in habeas).

Chapman fails to level any specific objection to the Magistrate Judge's conclusion on cognizability.  Instead, he generally objects to the Magistrate Judge's conclusion and then proceeds to rehash the same arguments he made in his Petition and Traverse, namely that he never received a final appealable order, in contravention of Ohio law.  Chapman does not even attempt to refute the Magistrate Judge's conclusion that all of Chapman's claims are based purely on errors of state law, rather than federal law.  This is not sufficient to raise a specific objection to the Magistrate Judge's analysis of the cognizability of Chapman's claims. *See, e.g., Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection that does not "address specific concerns with the magistrate's report" will not suffice); *King v. Caruso*, 542 F. Supp. 2d 703, 706 (E.D. Mich. 2008) ("[I]f the 'objection' merely states a disagreement with the magistrate's suggested resolution or summarizes what was brought before the magistrate, it is not an objection for the purposes of this review."); *Rembert v. Wilson*, No. 1:07-CV-1189, 2010 WL 3895083, at *7 (N.D. Ohio Sept. 23, 2010) ("Rembert's objection is simply reiterating the same argument that Judge Perelman addressed in his review of the state appellate court's determination. 'The Court will not

25

entertain the objections which simply restate the legal arguments rejected by the Report.' *Felder v. Ohio Adult Parole Authority*, 2009 WL 3763067 (N.D.Ohio 2009).").

Even assuming Chapman's Objections were sufficiently specific, the Court finds no error in the Magistrate Judge's conclusions regarding cognizability under a *de novo* review. Chapman, in his Objections, relaunches the same problematic arguments from his Petition and Traverse: that the fundamental errors here are *state* law errors. (Doc. No. 12, PageID# 1060-64.) Chapman's failure to allege any violation under the U.S. Constitution, rather than the Ohio Constitution, is the very reason that the Magistrate Judge concluded that all four of his claims were not cognizable under habeas review in the first place. (Doc. No. 11, PageID# 1056-58.) Chapman quotes *Laboy v. Carroll*, a District of Delaware case, for the proposition that his sentence is "wholly unauthorized by law" and, therefore, cognizable under federal habeas review. (Doc. No. 12, PageID# 1061, quoting *Laboy v. Carroll*, 437 F. Supp. 2d 260, 263 (D. Del. 2006).) Chapman then argues that his sentence is "wholly unauthorized by law" because his sentence violates *Ohio* law. (*Id.*)

Chapman misinterprets *Laboy*. The *Laboy* court states that "a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, unless the sentencing decision exceeds the statutory limits or is wholly unauthorized by law." *Laboy*, F. Supp. 2d at 263. When the *Laboy* court wrote that certain claims arising from state sentencing decisions may be cognizable if the sentences are "wholly unauthorized by law," it meant state sentencing decisions that are wholly unauthorized by *federal* law. *Id.* Chapman's claims are wholly distinguishable from *Laboy* because Chapman's claims are predicated solely on state law errors.

Chapman's cognizability argument, at bottom, is this: his sentence is "wholly unauthorized by law" because it violates Ohio Senate Bill 2, Ohio's state constitution, and the Ohio Rules of

26

Criminal Procedure.  (Doc. No. 12, PageID# 1061, 1063.)  These are all *state* law errors.  Even after the R&R put Chapman on notice that none of his claims were cognizable because each sought relief based solely on state law errors, Chapman proceeded to reargue that his claims were based exclusively on alleged errors of state law.[9]  A violation of state law is not cognizable under habeas review unless it rises to the level of a constitutional violation.[10]  *See Albourque v. Bradshaw*, No. 1:11-CV-1506, 2013 WL 775080, at \*5 (N.D. Ohio Feb. 28, 2013) (in adopting the magistrate judge's report and recommendation and dismissing the petitioner's habeas petition, the district court concluded that "whether the Ohio courts erred under state law in sentencing Petitioner or in adjudicating his appeals is a question beyond the subject matter of this Court, absent a constitutional violation").

Chapman also includes two new arguments within this Objection, that he has "finish[ed] the sentence and should be release[d] since the sentence is complete according to the journal entry," and also that he is being denied his constitutional right to seek habeas relief because he does not have a final appealable order.  (Doc. No 12, PageID# 1062-63.)  As discussed *supra*, a petitioner may not raise new claims or arguments in an objection when those claims or arguments were never presented to the magistrate judge.  Chapman raised neither of these arguments in his Petition or Traverse.  The Court will not consider them now.

---

[9] Chapman states that the Ohio Constitution is made applicable to the U.S. Constitution via the Fourteenth Amendment. Chapman has this backwards.  The Due Process Clause of the Fourteenth Amendment makes certain rights under the U.S. Constitution applicable to the states.  For example, the Sixth Amendment, which guarantees certain rights of criminal defendants, is made applicable to individual states through the Due Process Clause of the Fourteenth Amendment.  *See, e.g., Parker v. Gladden*, 385 U.S. 363, 364 (1966) (incorporating the Sixth Amendment right to an impartial jury to state court proceedings).  The Fourteenth Amendment does not apply state constitutions to the U.S. Constitution.

[10] In his Objections, Chapman quotes the Sixth Circuit's holding that a state court ruling that "is so egregious that it results in a denial of fundamental fairness . . . may violate due process and thus warrant habeas relief."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  (*See also* Doc. No. 12, PageID# 1063.)  However, beyond including this excerpt, Chapman makes no attempt to argue that he was denied fundamental fairness in violation of due process.

Accordingly, Chapman's Objections with respect to cognizability are overruled.  The Court adopts the Magistrate Judge's finding that, in addition to being procedurally defaulted, Chapman's claims are also not cognizable under federal habeas review.

## IV.    Conclusion

For the foregoing reasons, Petitioner's Objections (Doc. No. 12) are overruled, the Report & Recommendation (Doc. No. 11) is adopted in its entirety, and the Petition (Doc. No. 1) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**


  *s/Pamela A. Barker*_____
PAMELA A. BARKER
Date:  November 4, 2020                          U. S. DISTRICT JUDGE